UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-8054 CAS (SSx) | Date | October 31, 2011 |
|---|---|---|---|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:   **(In Chambers:) ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

## I.    INTRODUCTION

On September 28, 2011, plaintiff Frank Dufour filed a complaint in this Court against Robert Allen ("Allen"); Enlightened Wealth Institute L.C. ("EWI"); Prosper, Inc. ("Prosper"); Green Planet f/k/a Freedom Mortgage ("Green Planet"); PNC BANK f/k/a National City ("PNC"); Opteum ("Opteum"); Midland Mortgage Company ("Midland"); Aurora Loan Services ("Aurora"); Sherson Lehman ("Sherson"); Charlie Payne ("Payne"); Trent Staggs ("Staggs") and DOES 1–10 (collectively, "defendants") for fraud and misrepresentation; negligence; breach of contract; recession with constructive trust; and declaratory relief.  Plaintiff contends this Court has jurisdiction over the instant action based on diversity pursuant to 28 U.S.C. § 1332.

## II.    DISCUSSION

Jurisdiction founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000.  Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("[T]he district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant.  28 U.S.C. §§ 1332(a), 1332(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8054 CAS (SSx) | Date | October 31, 2011 |
|----------|----------------------|------|------------------|
| Title | FRANK DUFOUR v. ROBERT ALLEN, ET AL. | | |

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  <u>See</u> 28 U.S.C. § 1447(c).

Here, the complaint fails to state the domicile of every named defendant and, thus, fails to demonstrate complete diversity.   <u>See generally</u>, complaint; 28 U.S.C. § 1332.

**III.    CONCLUSION**

Based on the foregoing, plaintiff is hereby ORDERED to SHOW CAUSE within **twenty (20) days** why the instant action should not be remanded for lack of complete diversity.

IT IS SO ORDERED.

_____ : _____

Initials of
Preparer

_____