1  RUTTER HOBBS & DAVIDOFF
   INCORPORATED
2  FRANK E. MELTON (State Bar No. 94134)
   fmelton@rutterhobbs.com
3  RISA J. MORRIS (State Bar No. 221179)
   rmorris@rutterhobbs.com
4  1901 Avenue of the Stars, Suite 1700
   Los Angeles, California 90067
5  Telephone: (310) 286-1700
   Facsimile:  (310) 286-1728
6
7  PRINCE, YEATES & GELDZAHLER
   JAMES McCONKIE (Utah State Bar No. 8614)
8  jwm@princeyeates.com
   175 East 400 South, Suite 900
9  Salt Lake City, Utah 84111
   Telephone: (801) 524-1000
10 Facsimile:  (801) 524-1098
   [*pro hac vice* application to be submitted]

11 Attorneys for Defendants
12 ENLIGHTENED WEALTH INSTITUTE
   INTERNATIONAL, L.C. and
13 ENLIGHTENED WEALTH INSTITUTE, L.C.

14          UNITED STATES DISTRICT COURT

15    CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| 16  FRANK DUFOUR, an individual, | Case No. CV11-8054 CAS (SSx) |
|       Plaintiff, | **NOTICE OF MOTION AND MOTION** |
| 17  v. | **OF DEFENDANTS ENLIGHTENED** |
| 18  ROBERT ALLEN an individual, | **WEALTH INSTITUTE** |
|    ENLIGHTENED WEALTH INSTITUTE | **INTERNATIONAL, L.C. AND** |
| 19  INTERNATIONAL, L.C. a Utah | **ENLIGHTENED WEALTH** |
|    corporation, ENLIGHTENED WEALTH | **INSTITUTE, L.C. TO DISMISS** |
| 20  INSTITUTE, L.C. a Utah corporation, | **COMPLAINT PURSUANT TO** |
|    PROSPER INC, a Utah corporation, | **FEDERAL RULE OF CIVIL** |
| 21  GREEN PLANET f/k/a FREEDOM | **PROCEDURE 12(b)(6); AND** |
|    MORTGAGE, un unknown business | **MEMORANDUM OF POINTS AND** |
| 22  entity, PNC BANK f/k/a NATIONAL | **AUTHORITIES IN SUPPORT** |
|    CITY, an unknown business entity, | **THEREOF** |
| 23  OPTEUM an unknown business entity, | |
|    MIDLAND MORTGAGE COMPANY, an | Date:       January 9, 2012 |
| 24  unknown business entity, AURORA | Time:      10:00 a.m. |
|    LOAN SERVICES, an unknown | Courtroom:  5 |
| 25  business entity, SHERSON LEHMAN, | |
|    an unknown business entity, CHARLIE | Judge: Hon. Christina A. Snyder |
| 26  PAYNE, an individual, TRENT | |
|    STAGGS, an individual and DOES 1 | Magistrate: Hon. Suzanne H. Segal |
| 27  through 10, inclusive, | |
|          Defendants. | |

28

MOTION TO DISMISS OF DEFENDANTS ENLIGHTENED WEALTH INSTITUTE INTERNATIONAL, L.C.
AND ENLIGHTENED WEALTH INSTITUTE, L.C.

8725.001  1010388.1

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE

2    NOTICE THAT Defendant Enlightened Wealth Institute International, LC and

3    Defendant Enlightened Wealth Institute, LC (collectively "EWI") will and

4    hereby does move to dismiss each cause of action of Plaintiff Frank Dufour

5    ("Plaintiff") against EWI pursuant to Federal Rule of Civil Procedure 12(b)(6)

6    on the ground that each cause of action fails to state a claim upon which relief

7    can be granted.  Specifically, Plaintiff asserts causes of action against EWI for

8    negligence, breach of contract, rescission and declaratory relief.  Each of these

9    causes of action is time-barred.  *See* Cal. Civil Code §§ 335.1 and 339.  This

10   Motion is based upon this Notice of Motion and Motion, the accompanying

11   Memorandum of Points and Authorities and Declaration of James W.

12   McConkie, III in support thereof, the pleadings and papers on file herein, and

13   such other argument and evidence as may be presented at the hearing on this

14   Motion.

15   Pursuant to Local Rule 7-3, EWI certifies that its counsel conferred with

16   counsel for Plaintiff prior to filing this Motion as follows:

17   EWI was served with Plaintiff's Complaint on November 4, 2011.  On

18   approximately November 15 or 16, 2011, counsel for EWI, James W.

19   McConkie, III ("McConkie") and Joshua Hunt, spoke with Plaintiff's counsel,

20   Andrew Jay Kulick ("Kulick"), and requested an initial extension of time in

21   which to prepare and file a responsive pleading on EWI's behalf.   Kulick

22   indicated that he would consent to an extension for purposes of an Answer, but

23   not any type of Motion to Dismiss.  *See* Declaration of James W. McConkie

24   ("McConkie Declaration") at ¶ 2, filed concurrently herewith.

25   On November 23, 2011, "five (5) days prior to the last day for filing the

26   motion," McConkie attempted to contact Kulick by telephone and facsimile "to

27   discuss thoroughly . . . the substance of the [present] motion and any potential

28   resolution." *Id.* at ¶ 3; L.R. 7-3.  McConkie was unable to meet "in person"

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
LAWYERS

MOTION TO DISMISS OF DEFENDANTS ENLIGHTENED WEALTH INSTITUTE INTERNATIONAL, L.C.
AND ENLIGHTENED WEALTH INSTITUTE, L.C.
8725.001  1010388.1

1   with Kulick as McConkie practices out of Salt Lake City, Utah and Kulick out of

2   Saugus, California. *Id.* at ¶ 4; L.R. 7-3.  Kulick did not answer, no telephone

3   message service was set up or available, and the facsimile number listed by

4   Kulick on Plaintiff's Complaint rang endlessly without answer. *Id.* at ¶ 5.

5   McConkie attempted to locate an email address for Kulick, but to no avail. *Id.*

6   at ¶ 6.

7        McConkie therefore sent Kulick a letter by FedEx on November 23, 2011,

8   indicating "the substance of the contemplated motion" – namely, the expiration

9   of the applicable statutes of limitation – and provided Kulick with his personal

10  cell phone. *Id.* at ¶ 7; L.R. 7-3; Nov. 23, 2011 letter to Andrew Jay Kulick,

11  attached as Exhibit "1" to the McConkie Declaration.  McConkie invited Kulick

12  "to discuss [the] forthcoming motion in more detail," but as of the date of this

13  filing, Kulick has not responded to McConkie's invitation. *Id.* at ¶ 8.

14  DATED:  November 28, 2011          RUTTER HOBBS & DAVIDOFF

15                                     INCORPORATED

16

17                                     By:_____/s/_____

18                                          FRANK E. MELTON
                                            Attorneys for Defendants
19                                          ENLIGHTENED WEALTH
                                            INSTITUTE INTERNATIONAL,
20                                          L.C. and ENLIGHTENED
                                            WEALTH INSTITUTE. L.C.

21

22

23

24

25

26

27

28

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
LAWYERS

MOTION TO DISMISS OF DEFENDANTS ENLIGHTENED WEALTH INSTITUTE INTERNATIONAL, L.C.
AND ENLIGHTENED WEALTH INSTITUTE, L.C.

8725.001  1010388.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction and Background Facts

The following facts drawn from the allegations made in Plaintiff Frank Dufour's ("Plaintiff") Complaint warrant the dismissal of each cause of action against Defendants Enlightened Wealth Institute International, L.C. and Enlightened Wealth Institute, L.C. (collectively, "EWI"):

1.    On September 28, 2011, Plaintiff filed a Complaint asserting claims against EWI for negligence (2nd Cause of Action), breach of contract (3rd Cause of Action), rescission of contract (4th Cause of Action) and declaratory relief (5th Cause of Action).

2.    According to Plaintiff, Defendant Robert Allen ("Allen"), by and through EWI, contacted Plaintiff via the internet on or about September 16, 2006 to attend one of Allen's wealth-building seminars. *See* Complaint at ¶ 15.

3.    After some exchange with Allen, Plaintiff decided to purchase Allen's study materials for eight-thousand dollars ($8,000.00). *See id.* at ¶ 16.

4.    Allen then allegedly referred Plaintiff to Defendant Prosper, Inc. ("Prosper"), who provided Plaintiff with the study materials and personal coach for which Plaintiff had paid. *See id.* at ¶ 18.

5.    Todd Benson ("Benson"), a Prosper employee, provided Plaintiff with some coaching sessions and then referred Plaintiff to Emily Merkley ("Merkley"), a principal owner of CFE Mortgage, who, among other things, allegedly located properties for Plaintiff to invest in. *See id.* at ¶¶ 19-21.

6.    Merkley then referred Plaintiff to Kenny Gregg ("Gregg"), who allegedly made various representations to Plaintiff about the purchase of certain properties in Jackson, Mississippi. *See id.* at ¶¶ 22-24.

7.    Plaintiff purchased several properties and, with the assistance of Defendant Trent Staggs ("Staggs"), financed the purchases through Defendant Milenium Homes Loans, Defendant Opteum Financial Services, and Defendant

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
L A W Y E R S

1    Midland Mortgage.  *See id.* at ¶¶ 25-29.

2         8.     Gregg and Staggs sold numerous Jackson, Mississippi properties to

3    Plaintiff.  *See id.* at ¶ 30.

4         9.     In December 2006, Plaintiff entered into a property management

5    agreement with John Bell ("Bell") and Staggs, wherein Bell and Staggs would

6    collect a fee each time they rented out and actively managed one of Plaintiff's

7    properties.  *See id.* at ¶ 31.

8         10.    In or about October 2007, Plaintiff realized he needed to sell the

9    Jackson properties because of the expense of maintaining the same.  *See id.* at

10   ¶ 32.

11        11.    Plaintiff does not allege that he received study materials, coaching,

12   specific real estate referrals or management from EWI.

13        12.    Plaintiff does not allege that any sort of written contract exists

14   between Plaintiff and EWI.

15   II.   **Argument**

16        A.    **Legal Standard for Motion to Dismiss**

17        "A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted

18   in a complaint. "  *In re Washington Mut. Overdraft Prot. Litig.,* 539 F. Supp. 2d

19   1136, 1151 (C.D. Cal. 2008).  "Rule 12(b)(6) must be read in conjunction with

20   Rule 8(a), which requires a 'short and plain statement of the claim showing

21   that the pleader is entitled to relief.'"  *Id.* (quoting 5A Charles A. Wright &

22   Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  "The Rule 8

23   standard contains 'a powerful presumption against rejecting pleadings for

24   failure to state a claim.'" *Id.* (quoting *Gilligan v. Jamco Dev. Corp.,* 108 F.3d

25   246, 249 (9th Cir.1997)(internal quotation marks omitted)).  "To survive a

26   12(b)(6) motion, '[f]actual allegations [of the complaint] must be enough to

27   raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atlantic v.*

28   *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 1968-69 (2007)).

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
LAWYERS

MOTION TO DISMISS OF DEFENDANTS ENLIGHTENED WEALTH INSTITUTE INTERNATIONAL, L.C.
AND ENLIGHTENED WEALTH INSTITUTE, L.C.
8725.001   1010388.1

1    Although "[t]he complaint must be read in the light most favorable to

2    plaintiff....the Court need not accept as true any unreasonable inferences,

3    unwarranted deductions of fact, or conclusory legal allegations cast in the form

4    of factual allegations." *Id.* at 1152.

5    **B.    Each Cause of Action Against EWI Should be Dismissed Pursuant to**

6    **Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim, As Each Claim**

7    **Is Barred by Applicable Statutes of Limitation.**

8    Plaintiff's causes of action against EWI are barred by the applicable

9    statutes of limitations, and therefore, the Complaint must be dismissed for

10   "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

11   12(b)(6). "If the expiration of the applicable statute of limitations is apparent

12   from the face of the complaint, the defendant may raise a statute of limitations

13   defense in a Rule 12(b)(6) motion to dismiss." *Berdux v. Project Time & Cost,*

14   *Inc.,* 669 F. Supp. 2d 1094, 1099 (N.D. Cal. 2009) (quoting *In re Juniper*

15   *Networks, Inc. Securities Litigation,* 542 F.Supp.2d 1037, 1050 (N.D. Cal. 2008)

16   (internal quotation marks omitted)).

17   Due to the absence of a written contract between Plaintiff and EWI, the

18   applicable statutes of limitation are two years for each of Plaintiff's negligence,

19   breach of contract, and rescission claims. *See* Cal. Civil Code §§ 335.1 and

20   339.[1]  *See also Hydro Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins.*

21   *Associates, Inc.,* 115 Cal. App. 4th 1145, 589-90 (2004); *Sullivan v. JP Morgan*

22   *Chase Bank, NA,* 725 F. Supp. 2d 1087, 1094-95 (E.D. Cal. 2010). The statute

23   of limitations for Plaintiff's declaratory relief claim corresponds with Plaintiff's

24   breach of contract two-year statute of limitations. *See United Pac.-Reliance Ins.*

25

26
_____

27   [1] Even if Plaintiff's Complaint contained allegations of a written contract
     between Plaintiff and EWI, which it does not, the then-applicable four-year

28   statute of limitations would still bar Plaintiff's contract-based claims against
     EWI. *See* Cal. Civil Code § 337.

6

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
L A W Y E R S

8725.001  1010388.1

1  *Co. v. DiDomenico*, 173 Cal. App. 3d 673, 676 (Ct. App. 1985); *Maquire v.*

2  *Hibernia S. & L. Soc.*, 146 P.2d 673, 681 (Cal. 1944) (stating that "the period of

3  limitations applicable to ordinary actions at law and suits in equity should be

4  applied in like manner to actions for declaratory relief").

5      Accordingly, Plaintiff must have commenced a civil action on his

6  negligence, breach of contract, and declaratory relief claims no later than two

7  years from "the discovery of the loss or damage suffered by [him]" under the

8  contract.  Cal. Civil Code §§ 335.1 and 339(1).  Plaintiff must have filed on his

9  rescission claims two years "from the date upon which the facts that entitle

10  [him] to rescind occurred.  Where the ground for rescission is fraud or mistake,

11  the time does not begin to run until the discovery by [Plaintiff] of the facts

12  constituting the fraud or mistake."  Cal. Civil Code § 339(3).

13      Plaintiff discovered his alleged loss or damage and/or the facts

14  constituting fraud or mistake as early as December 2006 – when he realized he

15  had not yet "received the promised income necessary to become a millionaire"

16  – and as late as October 2007 – when "it became evident to [him] that he

17  needed to sell [his] properties because they were costing him thousands of

18  dollars to maintain."  *Complt.* at ¶¶ 31-32.  However, Plaintiff waited until

19  September 28, 2011 to commence his claims against Defendant EWI – well

20  beyond the foregoing statutes of limitation periods.  Accordingly, the

21  Complaint must be dismissed as each statute of limitation has run.

22  III.  **Conclusion**

23      For the foregoing reasons, Defendant EWI respectfully requests this Court

24  dismiss each cause of action against it "for failure to state a claim upon which

25  relief can be granted" and award other such further relief as justice so requires.

26  Fed. R. Civ. P. 12(b)(6).

27  ///

28  ///

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
LAWYERS

8725.001  1010388.1

1   DATED:  November 28, 2011        RUTTER HOBBS & DAVIDOFF
2                                         INCORPORATED

3

4                                   By:_____/s/_____
                                       FRANK E. MELTON
5                                      Attorneys for Defendants
6                                      ENLIGHTENED WEALTH
                                       INSTITUTE INTERNATIONAL,
7                                      L.C. and ENLIGHTENED
                                       WEALTH INSTITUTE. L.C.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
LAWYERS

MOTION TO DISMISS OF DEFENDANTS ENLIGHTENED WEALTH INSTITUTE INTERNATIONAL, L.C.
AND ENLIGHTENED WEALTH INSTITUTE, L.C.

8725.001   1010388.1

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am over the age of 18 and not a party to the within action; I am employed by RUTTER HOBBS & DAVIDOFF INCORPORATED in the County of Los Angeles at 1901 Avenue of the Stars, Suite 1700, Los Angeles, California 90067-6018.

On November 28, 2011, I served the foregoing document(s) described as **NOTICE OF MOTION AND MOTION OF DEFENDANS ENLIGHTENED WEALTH INSTITUTE, L.C. TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing the true copies thereof enclosed in sealed envelopes addressed as stated below;

Andrew Jay Kulick, Esq.
Law Offices of Andrew Jay Kulick
21704 West Golden Triangle Road, Suite 301
Saugus, California 91350-2617
Tel/Fax:  (661) 253-1543
ajkrams@gmail.com

☐  **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of RUTTER HOBBS & DAVIDOFF, and addressed as shown on the attached service list, for deposit in the United States Postal Service.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☐  **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐  **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of RUTTER HOBBS & DAVIDOFF, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for.  I am readily familiar with the firm's practices for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐  **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the attached mailing list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐  **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated herein.

☐  **(Federal)**     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on November 28, 2011 at Los Angeles, California.

ALMA COLLINS

8725.001  1010388.1